John FOTY, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00120–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 7, 1988.

John J. Knoff, Houston, for appellant.

Latham Boone, III, David S. Barron,
Anderson, for appellee.

Before JUNELL, SEARS and
CANNON, JJ.

## OPINION

JUNELL, Justice.

A jury convicted appellant of the offense of inducing a child under seventeen years of age to engage in sexual conduct. The court assessed punishment at eleven years confinement in the Texas Department of Corrections.

Appellant brings three points of error asserting the trial court erred in (1) admitting complainant's videotaped statement into evidence; (2) allowing the state to amend the indictment; and (3) failing to grant appellant's motion for an instructed verdict. We reverse the judgment and remand the cause for a new trial.

On June 3, 1985, appellant photographed several children including complainant A___ H___, age 7, in appellant's home. Appellant instructed complainant to disrobe and engage in simulated sexual intercourse with a nude female child. Appellant photographed the two children in various sexual positions and in a variety of settings both inside and outside appellant's house. Appellant was arrested on July 12, 1985, for the offense.

In July 1985, prior to appellant's arrest, a children's protective services specialist with the Texas Department of Human Services conducted an investigation of appellant. During the investigation the children's specialist conducted a videotaped interview with complainant. Complainant described appellant's illegal activities in detail. A second videotaped interview was conducted

a few days later with a female child who was present when the offense occurred. The female child's videotaped statement corroborated complainant's videotaped statement.

At trial the state attempted to introduce both videotapes. Upon objection by defense counsel the trial court excluded the female child's videotape because she was not the victim of the crime. Complainant's videotape was admitted into evidence over objection by defense counsel. After the state played complainant's videotape to the jury, the state tendered complainant to defense counsel for cross-examination. Defense counsel declined to cross-examine him.

■ In point of error one appellant contends the trial court erred in admitting the videotape of complainant into evidence. He asserts that the admission of complainant's videotape violated constitutional rights to due process and to confront and cross-examine the witnesses against him.

In *Long v. State*, 742 S.W.2d 302 (Tex. Crim.App.1987) the court of criminal appeals held that TEX.CODE CRIM.PROC.ANN. art. 38.071 § 2 was facially unconstitutional in that it deprived a defendant of his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and Art. I, § 10 of the Texas Constitution. The court held that the admission of a child witness's videotaped statement violated defendant's right to cross-examination and confrontation as well as his due process rights and affirmed the holding by the court of appeals that the admission of the videotape constituted reversible error.

In accordance with this recent holding, we reverse this case. While the state concedes error was committed in the admission of the videotape, the state argues that its admission was harmless beyond a reasonable doubt because there was other evidence in the record, independent of the videotaped evidence, to support the jury's verdict. However, the only such evidence in the record was the testimony of J___ M___ who was ten years old at the time she testified and only eight or nine years old

when the offense occurred. The offense occurred one and one-half years prior to the trial date. Although we think her testimony is sufficient to support appellant's conviction, as we hold later in this opinion, we note that her testimony was weak and much of her testimony was given in response to leading questions. We also note that her testimony shows that other children were present at the time the offense occurred; however, no other child was called to testify. J___ M___ also testified that appellant took photographs of the children while they were engaged in sexual conduct and simulated sexual intercourse, but no photographs were introduced in evidence.

Before a federal constitutional error can be held harmless, the reviewing court must be able to hold it was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967). We have viewed the complainant's videotape and with this record we are unable to say its admission in evidence was harmless beyond a reasonable doubt. Point of error one is sustained.

■ In point of error two appellant argues that the trial court erred in allowing the state to amend the indictment. Appellant believes that the state amended the indictment to include an additional act of sexual conduct constituting a different and additional offense. We have reviewed appellant's argument and find it to be without merit. The original indictment charged appellant with "the lewd exhibition of the genitals of A___ H___." The amended indictment charged appellant with "the lewd exhibition of the genitals of A___ H___ and simulated sexual intercourse between A___ H___ and a female child." "Sexual conduct" is defined as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals." TEX.PENAL CODE ANN. § 43.25(a)(2) (Vernon Supp.1988). Both of the sexual conduct acts found in the amended indictment are found in the same section of the penal code. The state did not include an additional crime to appel-

lant's indictment; rather the state merely added another aspect of conduct to the indicted offense. Point of error two is overruled.

In point of error three appellant argues the trial court erred in failing to grant appellant's motion for an instructed verdict. This point really contends that the evidence is insufficient to support the conviction. We have previously discussed J⸺ M⸺'s testimony in this opinion. Without restating the evidence we find that the evidence is sufficient to support appellant's conviction. Point of error three is overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.